CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

Aug. 23, 2016

JULIA C. DUDLEY, CLERK
BY: A. Melvin
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CHANG LIM,                                )
                                          )
                Plaintiff,                )
                                          )        Civil Action No. 7:16-cv-00029
        v.                                )
                                          )        By:  Elizabeth K. Dillon
GAEL TISACK, *et al.*,                    )             United States District Judge
                                          )
                Defendants.               )

## MEMORANDUM OPINION

In this action, Chang Lim, proceeding *pro se*,[1] brings multiple claims against multiple defendants. The defendants fall into two distinct groups. The first (the Terumo Heart defendants) is composed of persons and entities that have some alleged connection to Lim's former employment. And the second (the Goetz defendants) is composed of persons and entities that have some alleged connection to Lim's former residence. Since the claims against the first group have nothing to do with the claims against the second, the court will *sua sponte* dismiss the second group for misjoinder, pursuant to its authority under Federal Rule of Civil Procedure 21.

## I.  BACKGROUND

### A.  Lim's Previous Litigation Against Terumo Heart

In March 2010, Lim, who is from South Korea, started working as the regulatory affairs manager at Terumo Heart, Inc., a medical-device company in Michigan. *Lim v. Terumo Corp.*, Nos. 14-1513/1573, at 1 (6th Cir. Apr. 2, 2015) (reproduced at Dkt. No. 3-1, at 43–47). A few months later, in July, he started to complain about his supervisor's performance and about

---

[1] Though he is *pro se*, Lim is an experienced litigant. By the court's count, he has brought or defended at least a dozen actions around the country. Indeed, this is the *third* action that he has filed in this court over the past year.

quality control and regulatory compliance to the company's president. *Id.* at 2. The president referred Lim's complaints to the company's compliance officer, Gael Tisack. *Id.* She investigated the complaints and determined that they were unfounded. *Id.* She told Lim her findings and instructed him to "stop making false and inflammatory allegations." *Id.*

Two months later, in September, Lim was involved in another dust-up at Terumo Heart. *Id.* Against his supervisor's instructions, Lim told one of his subordinates not to participate in software testing because, according to Lim, it violated (among other things) regulations of the Food and Drug Administration. *Id.* The president stepped in and told the subordinate to participate in the software testing. *Id.*

Later that month, Tisack met with Lim and gave him a report on her investigation, in which she concluded that his complaints against his supervisor were false and that his behavior was insubordinate. *Id.* On October 1, Lim sent Tisack an e-mail, accusing her of "failing to bring correction, corrective action, and/or preventive action." *Id.* (brackets omitted). The company fired him later that day. *Id.*

Lim then sued Terumo Heart and other related persons and entities in a Michigan federal court. *Id.* He alleged (among other things) that the defendants had retaliated against him and terminated his employment because of his race, color, and national origin, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*). *Id.* In April 2014, the district court granted summary judgment to the defendants and awarded them fees, costs, and sanctions. *Id.* at 2–4. A year later, the Sixth Circuit affirmed, *id.* at 10–11, though one of the judges on the panel thought that the district court should have ordered Lim to pay the defendants even more fees and costs for his failure to comply with a discovery order, *id.* at 12–13 (McKeague, J., concurring in part and dissenting in part).

Because Lim failed to post a supersedeas bond, Terumo Heart decided to attempt to collect on its judgment against him before the Sixth Circuit issued its ruling. Following his termination, Lim moved from Michigan to Virginia. So Terumo Heart hired a Virginia attorney, John Falcone of Petty, Livingston, Dawson & Richards, to start collection proceedings against Lim in Virginia. In October 2014, Falcone domesticated the judgment in the Lynchburg City Circuit Court and, a month later, conducted debtor interrogatories. (Notice of Filing of Foreign Judgment 1, Oct. 8, 2014, Dkt. No. 3-1, at 60; Order of Lynchburg City Circuit Court 1, May 21, 2015, Dkt. No. 3-1, at 66.) Lim's answers revealed that he owned a website. (Order of Lynchburg City Circuit Court 1.) In May 2015, the Lynchburg City Circuit Court ordered that the website be sold to satisfy the judgment. (*Id.*)

**B. Lim's Previous Litigation Against the Goetzes**

After he was fired by Terumo Heart and moved to Virginia, Lim leased his home in Michigan to Sandy and Brian Goetz. *Lim v. Goetz*, No. 7:15-cv-00551, 2016 U.S. Dist. LEXIS 13960, at *2 (W.D. Va. Feb. 5, 2016). When the lease ended, Lim believed that the Goetzes returned the home in damaged condition, so he decided to keep their security deposit. *Id.* The Goetzes disagreed with that decision and thus, in January 2014, filed suit against Lim in a Michigan state court. *Id.* The court entered judgment in the Goetzes' favor. *Id.*

To collect on their judgment, the Goetzes hired an attorney in Virginia to begin collection proceedings against Lim in Virginia. *Id.* at *3. In July 2015, the attorney domesticated the judgment in the Floyd County Circuit Court. *Id.* In an effort to stop the Goetzes from enforcing the judgment, Lim moved to set it aside. *Id.* The court denied the motion. *Id.* at *4.

In October 2015, Lim brought suit in this court against the Goetzes, the lawyer and law firm that represented them in Michigan, and the judge of the Floyd County Circuit Court that

presided over their case in Virginia. He alleged two federal-law claims against the judge and several state-law claims against the other defendants. *Id.* at *1, *5. Lim later amended his complaint to add Sandy Goetz's employer, the Charles Reinhart Company, and the attorney and law firm that helped the Goetzes domesticate their judgment against Lim in Virginia.

All the defendants moved to dismiss. *Id.* at *11. In February 2016, the court granted the judge's motion, concluding that it lacked subject-matter jurisdiction over the claims against him under the *Rooker-Feldman* doctrine. *Id.* at *8–9. Because Lim's claims against the judge were the only federal claims, and because diversity jurisdiction was not alleged, the court declined to exercise supplemental jurisdiction over the remaining state-law claims, denied the other defendants' motions as moot, and dismissed the case without prejudice. *Id.* at *9–11.

### C. Lim's Present Litigation Against Terumo Heart and the Goetzes

Lim commenced this action in January 2016. In his original complaint, he sued Terumo Heart, Tisack, Mark Sutter, Terumo Cardiovascular Systems, Aaron Graves, Bodman PLC, Falcone, and Petty Livingston, alleging ten claims, including Title VII retaliation, fraud, conspiracy, and defamation. (Compl. ¶¶ 1–112, Dkt. No. 1.) The defendants responded by first filing a motion for sanctions and then filing a motion to dismiss.

In May, roughly three weeks after the defendants filed their motion to dismiss, Lim filed an amended complaint, dropping some defendants and adding others. (Am. Compl. ¶¶ 9–22, Dkt. No. 24.) In particular, he dropped Falcone and Petty Livingston, and added (as relevant here) the Goetzes, Reinhart, and a Reinhart employee, David Lutton (collectively, the Goetz defendants). (*Id.*)[2] The claims that Lim asserts against the Goetz defendants in the amended complaint are virtually identical to those that he asserted against the Goetzes and Reinhart in the

---

[2] Lim also added one more Terumo Heart person (Juichi Takeuchi) and one more Terumo Heart entity (Terumo Americas Holding, Inc.). (Am. Compl. ¶¶ 11, 20.)

action that the court dismissed in February.[3]  They are all related to or arise out of the Goetzes' lease of Lim's home in Michigan or the Goetzes' domestication of their judgment against Lim in Virginia.  (*Id.* ¶¶ 40–67, 77–97, 102–22, 136–52.)

In response to the amended complaint, Terumo Heart, Tisack, Sutter, Terumo Cardiovascular, Graves, and Bodman (collectively, the Terumo Heart defendants) filed another motion to dismiss.  No other defendant has been served or made an appearance.

## II.  DISCUSSION

### A.  The court may *sua sponte* dismiss parties at any time for misjoinder.

Rule 21 governs misjoinder.  It says: "On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.

While Rule 21 is silent on how to determine misjoinder, courts have uniformly held that parties are misjoined when they fail to meet the standard for permissive joinder set out in Federal Rule of Civil Procedure 20(a).  *Hanna v. Gravett*, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003) (collecting cases).  As relevant here, Rule 20(a) says that persons may be joined as defendants in one action if they satisfy two conditions: First, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2)(A).  And second, "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(B).  Whether these conditions are met is a question left to the sound discretion of the district court.  *Saval v. B.L., Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983).

---

[3] Lim asserts the following ten claims against the Goetz defendants in the amended complaint: negligence; breach of contract; unjust enrichment; extrinsic, intrinsic, actual, and constructive fraud; common-law and business conspiracy; and vicarious liability.  (Am. Compl. ¶¶ 77–97, 102–22, 136–52.)

**B. The Goetz defendants are misjoined.**

Lim's joinder of the Goetz defendants in this case fails to meet even the first condition of Rule 20(a). The claims that Lim asserts against the Goetz defendants do not in any way relate to or arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims that he asserts against the Terumo Heart defendants. The former relate to or arise out of the lease of his former residence to the Goetzes, while the latter relate to or arise out of his former employment with Terumo Heart. That both sets of claims originate in transactions, occurrences, or series of transactions or occurrences that overlap in time and place is not a sufficient basis for permissive joinder under Rule 20(a). Accordingly, the court concludes that the Goetz defendants are misjoined.

**C. Dismissal of the Goetz defendants is the right remedy.**

As noted above, when a party is misjoined, a district court has two remedial options under Rule 21: first, it can drop the party; and second, it can sever the party. The first option must be exercised "on just terms," Fed. R. Civ. P. 21, which some federal courts have read to mean without gratuitous harm to the parties. *See, e.g.*, *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("[I]n formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties, including the misjoined party."). "Dismissal of a misjoined party under Rule 21 is without prejudice." *John S. Clark Co. v. Travelers Indem. Co.*, 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004) (quoting 4 *Moore's Federal Practice* § 21.03 (Matthew Bender 3d ed. 2003)).

The court believes that dismissal of the Goetz defendants is the right remedy here because it will not cause any gratuitous harm to Lim. For starters, as already discussed, Lim's claims against the Goetz defendants have nothing to do with his claims against the Terumo Heart

defendants.  In light of this disconnection, it seems that Lim's only reason for joining the Goetz defendants in this case was to avoid having to pay another filing fee.  Moreover, it does not appear that dismissal will cause any of Lim's claims against the Goetz defendants to be untimely that were not already so when he filed the amended complaint.  The court will thus dismiss the Goetz defendants without prejudice.

### III. CONCLUSION

For the foregoing reasons, the court will *sua sponte* dismiss without prejudice the Goetz defendants as parties to this case for misjoinder.

An appropriate order will follow.

Entered: August 23, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge