IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHANG LIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00029 |
| | ) | |
| GAEL TISACK, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chang Lim, proceeding *pro se*, brought this action against a group of persons

and entities related to Lim's former employer (collectively defendants), alleging Title VII

retaliation and various state law claims. By order dated March 30, 2017, the court granted

defendants' motion to dismiss Lim's amended complaint for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). (Order, Dkt. No. 43.) Lim now asks the court to

vacate its March 30 order, award him sanctions under Rule 11, and allow him to amend his

complaint. (Pl.'s Mot., Dkt. No. 44.) Defendants filed a response to that motion, and the court

will resolve the motion without a hearing. For the reasons stated below, the court will deny

Lim's motion.

## I.  BACKGROUND

The long and contentious relationship between Lim and the defendants is described in

this court's March 30, 2017 memorandum opinion (*see* Dkt. No. 42), and the court need not

recite most of Lim's factual allegations here. In short, Lim originally sued Terumo Heart, Inc.

(THI) in Michigan for discrimination and retaliation after he was terminated from his position

with the company in 2010. During the litigation that followed, the United States District Court

for the Eastern District of Michigan awarded the defendants sanctions against Lim and, when Lim moved to Virginia, THI sought to collect on that judgment here. In so doing, Lim claims, THI (and the other defendants) misled the Virginia circuit court about the legitimacy of the sanctions' award and used the domestication process to further retaliate against and harass Lim.

Lim sued again, and defendants immediately filed a motion for sanctions pursuant to Rule 11, followed later by a motion to dismiss Lim's complaint for lack of personal jurisdiction and for failure to state a claim. The court found that defendants had waived their objection to personal jurisdiction by filing their motion for sanctions. Nevertheless, the court dismissed Lim's complaint in its entirety, finding that he had failed to state any plausible claims and that many of his claims were barred by res judicata. The court also denied defendants' Rule 11 motion, recognizing that most Lim's claims, while ultimately meritless, were not so frivolous as to warrant sanctions.

Lim subsequently filed the motion at issue here. The motion recites various ways in which the court purportedly misconstrued the facts and misapplied the law and urges the court to vacate its previous order pursuant to Federal Rule of Civil Procedure 60(b). In addition, Lim asks the court to award him sanctions pursuant to Rule 11 to compensate him for the time he spent responding to defendants' motion for sanctions. Finally, Lim asks the court to grant him leave to amend, although his motion does not describe any proposed amendments.

## II. DISCUSSION

### A. Rule 60 Motion

Federal Rule of Civil Procedure 60(b) authorizes the court to relieve a party from a final judgment in certain enumerated circumstances. Lim's motion, which asserts that the court misconstrued the facts and misapplied the law, presumably relies on the provisions authorizing

the court to vacate a judgment in instances of "mistake" or in situations where "any other reason

. . . justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The Fourth Circuit has indicated that either of

these provisions may be used to address mistakes made by the court. *Aikens v. Ingram*, 652 F.3d

496, 510 n.7 (4th Cir. 2011) (en banc); *see United States v. Williams*, 674 F.2d 310, 313 (4th Cir.

1982) ("In certain limited circumstances, the word 'mistake' in Rule 60(b) has . . . been read to

include mistakes by the court."); *White v. Investors Mgmt. Corp.*, 888 F.2d 1036, 1041 (4th Cir.

1989) (noting that Rule 60(b)(6) covered a motion to vacate a grant of summary judgment based

on the court's mistake). In either case, the bar is high, and courts generally refrain from vacating

prior orders absent "extraordinary circumstances." *Aikens*, 652 F.3d at 510; *Jones v. Phipps*, 39

F.3d 158, 162 (7th Cir. 1994) (describing Rule 60(b)(1) as "a nearly insurmountable hurdle").

The court finds no basis in Lim's motion for vacating its previous ruling. In substantial

part, Lim's motion merely reiterates the factual allegations of his complaint and the legal

assertions of his opposition brief and asserts that the court failed to consider them.[1] The court

will not readdress Lim's contentions here—the purpose of Rule 60 is to authorize courts to

vacate judgments when justice so requires, *Compton v. Alton S.S. Co.*, 608 F.2d 96, 101–02 (4th

Cir. 1979), not to give disgruntled plaintiffs a second bite at the apple. The court did in fact

consider Lim's legal claims and simply reached a different result than the one he would have

preferred. (*Compare* Pl.'s Mot. 7–8 (suggesting that the court did not give proper consideration

to allegations that defendants retaliated against Lim by "threatening" not to pursue sanctions if

he abandoned his Title VII claims) *with* Mem. Op. 9–10 (finding this theory insufficient to

sustain a Title VII claim).) Thus, the court denies Lim's motion to vacate its previous order.

---

[1] Lim also asserts that the court erred by relying on court documents from the United States District Court
for the Eastern District of Michigan and the Lynchburg City Circuit Court for its recitation of the facts. Although
the court relied on those documents to determine how those courts ruled on various issues, it did not accept the truth
of disputed factual contentions recited in those cases, as Lim seems to suggest. *See Zak v. Chelsea Therapeutics
Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

**B. Motion for Sanctions**

Lim also asks that the court sanction defendants pursuant to Rule 11 for filing their own

Rule 11 motion, which Lim characterizes as frivolous. A motion for sanctions under Rule 11

"must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Furthermore,

because the rule provides that a motion for sanctions "must not be filed . . . if the challenged

[pleading] . . . is withdrawn or appropriately corrected within 21 days after service," *id.*, a motion

filed at a point in the litigation when the opposing party can no longer withdraw the challenged

submission is untimely. *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th

Cir. 2004). In this case, Lim has not complied with either of these procedural requirements: his

request for sanctions was raised in his motion to vacate, and that motion was filed several weeks

after the court resolved defendants' motion for sanctions. Thus, even if defendants' request for

sanctions were frivolous (and as the court made clear in its memorandum opinion, it was not),

the court would deny Lim's request.[2] *See id.*

**C. Lim's Request for Leave to Amend**

Finally, Lim requests leave to amend his complaint. Federal Rule of Civil Procedure 15

instructs courts to grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P.

15(a)(2). This is a "liberal" standard that "gives effect to the federal policy in favor of resolving

cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d

404, 426 (4th Cir. 2006) (en banc). The Fourth Circuit has recognized that leave to amend

"should only be denied if one of three facts is present: 'the amendment would be prejudicial to

the opposing party, there has been bad faith on the part of the moving party, or amendment

would be futile.'" *Mayfield v. NASCAR*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix*

---

[2] In its response to Lim's motion, defendants renewed their request for sanctions. Since that request, like Lim's, was not raised separately, the court will not consider it.

*Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). An

amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the

federal rules," *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting

*United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008));

for example, if the proposed amended complaint would itself be subject to dismissal under Rule

12(b)(6). *See Wilson*, 525 F.3d at 376.

It appears from Lim's brief that he wishes to amend his allegations with respect to his

post-employment Title VII retaliation claim.[3] However, Lim does not describe the allegations he

would add, and his argument merely repeats his claim that defendants domesticated and enforced

the Michigan judgment in order to retaliate against Lim for his protected activity under Title VII.

As the court noted in its memorandum opinion, the court will not infer discriminatory animus

from the fact that defendants sought to domesticate and satisfy their judgment against Lim, even

if Lim disapproved of that choice or the manner in which defendants did so. Thus, even if

amended to include more allegations that defendants had a retaliatory motive for pursuing their

legal rights, Lim's complaint could not survive a motion to dismiss. The court will therefore

deny Lim's motion for leave to amend.

### III. CONCLUSION

For the foregoing reasons, Lim's motion to vacate this court's order dismissing his claims

under Federal Rule of Civil Procedure 60(b) and for leave to amend is hereby DENIED.

---

[3] Lim also asks leave to amend "other claims." (Pl.'s Mot. 8.) But Lim provides no insight as to which claims he seeks to amend or what those amendments would entail. So the court will consider only Lim's request to amend his Title VII claim.

The clerk is directed to mail a copy of this memorandum opinion and order to all counsel of record and to plaintiff.

Entered: August 1, 2017.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge